**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MICHAEL PARKS, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>KRISTI NOEM, *in her official capacity as Secretary of the Department of Homeland Security,*<br><br>    *Defendant*.[1] | Civil Action No. 23-3561 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Michael Parks, Chad Sutton, Sukeena Stephens, and Freeman Jordan bring this action alleging race discrimination by their employer the Federal Air Marshals Service ("FAMS"), which operates under the direction of the Transportation Security Administration ("TSA"). Dkt. 18-2 at 3 (2d. Am. Compl. ¶ 1), which, in turn, is a component of the Department of Homeland Security. They allege that they and other putative class members "have been victims of an ongoing pattern, practice, and culture of race discrimination in denying qualified African American Air Marshals promotional opportunities, particularly with respect to upper management positions." *Id.* Defendant Kristi Noem, in her official capacity as the Secretary of the Department of Homeland Security, moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(3) and (b)(6). Dkt. 23 at 9. She argues that Plaintiffs' class claim of race discrimination should be dismissed as untimely; that Plaintiff Sutton's individual claims

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kristi Noem is substituted as the defendant in this matter.

should also be dismissed as untimely; that Plaintiff Jordan's individual claims should be dismissed for failure to exhaust; and that venue is improper in the District of Columbia. *Id.* Defendant acknowledges that if the Court declines to dismiss any of Plaintiffs' claims, it may transfer the case, pursuant to 28 U.S.C. § 1406(a), to the Eastern District of Virginia, where both parties agree venue is proper. Dkt. 23 at 11, 44–45; Dkt. 27 at 28–30. In their response to Defendant's motion to dismiss, Plaintiffs explain that they offered to file a joint motion to transfer the case to the Eastern District of Virginia, but Defendant responded that she would oppose the motion. Dkt. 27 at 24 n.3.

For the reasons explained below, the Court will **TRANSFER** this case to the United States District Court for the Eastern District of Virginia and will **DEFER** ruling on Defendant's remaining contentions.

## I.

Defendant moves to dismiss Plaintiffs' amended complaint pursuant to Rule 12(b)(3) on the ground that venue does not lie in the District of Columbia. "If the district in which the action is brought does not meet the requirements of Title VII's venue provision, then that district court may either dismiss, 'or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.'" *Parker v. Sebelius*, 51 F. Supp. 3d 173, 175 (D.D.C. 2014) (quoting 28 U.S.C. § 1406(a)). The interests of justice generally "allows courts to transfer cases to the appropriate judicial district rather than dismiss them." *Id.* (internal quotation marks and citation omitted).

Claims brought under Title VII of the Civil Rights Act are governed by a specific venue provision. *See Donnell v. Nat'l Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983). That provision requires Title VII plaintiffs to bring suit:

2

> [1] in any judicial district in the State in which the unlawful employment
> practice is alleged to have been committed, [2] in the judicial district in which
> the records relevant to such practice are maintained and administered, or [3] in
> the judicial district in which the aggrieved person would have worked but for
> the alleged unlawful employment practice, [4] but if the respondent is not
> found within any such district, such an action may be brought within the
> judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Defendant argues that, under this provision, this Court lacks venue over Plaintiffs' claims. Dkt. 23 at 46–53. Plaintiffs concede "that the promotion process at FAMS runs through FAMS's headquarters," which is located in the Eastern District of Virginia, and they concede that venue is proper in that district. Dkt. 27 at 28. To be sure, they do not concede that venue is improper in this district, but they do little to resist that conclusion.

## II.

The facts alleged in the complaint fail to establish that venue is proper in the District of Columbia, and Defendant has proffered evidence confirming that venue is improper in this district. *See Boyd v. United States*, 209 F. Supp. 3d 160, 163–64 (D.D.C. 2016) ("The defendants may prevail on their Rule 12(b)(3) motion by present[ing] facts that will defeat the plaintiff's assertion of venue." (alteration in original) (citation modified)).

As for the first statutory basis for venue, the place where the unlawful employment practices are alleged to have been committed is Virginia. *See* Dkt. 18-2 at 4 (2d Am. Compl. ¶ 5) (alleging that the relevant "promotion decisions are ultimately made by a small group of executive FAMS leaders at FAMS Headquarters"); Dkt. 1 at 2 (Compl. ¶ 2); Dkt. 23-46 at 1–2 (Mosso Decl. ¶ 3) (establishing that, at all relevant times, the FAMS Headquarters was located in Arlington, Virgnia or Springfield, Virginia).

As for the second statutory basis for venue, Plaintiffs do not allege that their employment records are located in the District of Columbia, *see* Dkt. 18-2 at 4–5 (2d Am. Comp. ¶ 5)

(alleging only that "relevant employment records … are not centralized"), and Defendant has proffered a declaration from a human resources officer establishing that the employment records relevant to this case are maintained and administered at TSA's headquarters in Springfield, Virginia, *see* Dkt. 23-46 at 1–2 (Mosso Decl. ¶¶ 3,6); *see Hamilton v. TSA*, 263 F. Supp. 3d 317, 320 (D.D.C. 2016) ("Declarations of human resource officers and employers are sufficient to establish where the employment records are maintained and administered." (citation modified)).

As for the third statutory basis for venue, Plaintiffs do not allege that they would have worked in the District of Columbia but for the alleged unlawful practice.  The complaint alleges that each of the named Plaintiffs' duty stations were located outside of the District of Columbia, and none of the promotions for which they were allegedly not selected had duty stations in the District of Columbia.  *See* Dkt. 18-2 at 29–31 (2d Am. Compl. ¶¶ 132, 133, 140–43, 145) (alleging Parks's duty stations were in Georgia and Virginia, and he was not selected for positions with duty stations in Illinois and Texas); *id.* at 33–35 (2d Am. Compl. ¶¶ 165–67, 172, 174, 176, 178–80 (alleging Stephens's duty stations have been in New York and Virginia); *id.* at 37–39 (2d Am. Compl. ¶¶ 192, 197–98, 204, 206) (alleging Jordan's duty stations were in Michigan, South Carolina, and Illinois, and he was not selected for positions in Illinois, Virginia, and Georgia); *id.* at 41–43 (2d Am. Compl. ¶¶ 220–23, 225–28, 238–39) (alleging Sutton's duty stations were in New York and Virginia and he was not selected for a position in Nevada); *see also* Dkt. 23-46 at 2–3 (Mosso Decl. ¶¶ 4, 7–11).

In response, Plaintiffs argue that "it is reasonable to expect given the location of TSA and FAMS's headquarters and Washington Field Office in Northern Virginia that at least some putative class members reside in the District."  Dkt. 27 at 28; *see also* Dkt. 18-2 at 4 (2d Am. Compl. ¶ 5) ("Because this is a class action, Plaintiffs and the putative Class live and worked for

4

Defendant in locations throughout the United States.").  But even if that assertion were not speculative and insufficient to satisfy any of the prongs of the Title VII venue statute, "[t]he law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives."  *Murdoch v. Rosenberg & Assocs., LLC*, 875 F. Supp. 2d 6, 11 (D.D.C. 2012) (alteration in original); *see also Quarles v. Gen. Inv. & Dev. Co.*, 260 F. Supp. 2d 1, 13 (D.D.C. 2003) ("[P]laintiffs do not present any persuasive authority that would support a conclusion that Congress intended that Title VII's venue requirements should be broadly construed to permit a class representative to bring suit in a jurisdiction where he cannot personally satisfy the venue requirements of the statute.").

Finally, although Defendant's principal office is in the District of Columbia, the fourth statutory basis for establishing venue in a Title VII case applies only "if the respondent is not found within any such district."  *James v. Booz-Allen*, 227 F. Supp. 2d 16, 24 (D.D.C. 2002) ("[T]he court need not consider the fourth prong of the Title VII venue statute in determining whether venue is proper in this district" where the "analysis of the first three prongs reveal[ed] that the plaintiff could properly assert venue in several other districts); *see Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17–18 (D.D.C. 2008).  Because all agree that the Eastern District of Virgnia has venue over this action, the fallback venue provision is inapplicable.

## III.

Under 28 U.S.C. § 1404(a), when venue is improper, the Court may transfer the case to "any other district or division where it might have been brought" for the "convenience of [the] parties and witnesses, in the interest of justice."  "The decision whether to dismiss or transfer is committed to the sound discretion of the Court; however, the interest of justice generally requires transferring a case to the appropriate district in lieu of dismissal."  *Parker*, 51 F. Supp. 3d 173,

176 (D.D.C. 2014).  Defendant asks the Court to address its timeliness and exhaustion arguments before deciding whether to dismiss or transfer Plaintiffs' claims to the Eastern District of Virginia.  Dkt. 23 at 43–44.  But that puts the cart before the horse.  Because venue is improper in this Court, the better course is for the Court to transfer the case to the court empowered to adjudicate it and to leave it to that court to address the merits of Plaintiffs' claims.  *See Joyner v. Reno*, 466 F. Supp. 2d 31, 40 (D.D.C. 2006) ("[A] court has no discretion to reach the merits of a case in which venue is improper and an objection to venue has been properly raised; the case must either be dismissed or transferred to a proper venue.").  Both parties agree that venue is proper in the Eastern District of Virgnia, so the Court will transfer the case to the Eastern District of Virginia.  *Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16 n.2 (D.D.C. 2009).

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion in part and **DEFERS** decision on the motion in part.  The Clerk of Court is hereby **ORDERED** to transfer the case to the United States District Court for the Eastern District of Virginia.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 16, 2026

6